**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LITIAN ZHOU, | No. 16-70987 |
| Petitioner, | Agency No. A087-879-335 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 5, 2020[**]

Before:     SCHROEDER, HAWKINS, and LEE, Circuit Judges.

Litian Zhou, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and relief under the Convention Against Torture ("CAT").  We have jurisdiction

under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual

---

       [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

findings.  *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006).  We deny the petition for review.

Substantial evidence supports the agency's determination that Zhou failed to establish he suffered harm that rises to the level of persecution.  *See Gu v. Gonzales*, 454 F.3d 1014, 1019-21 (9th Cir. 2006) (detention, beating, and interrogation did not compel a finding of past persecution).  Substantial evidence also supports the agency's determination that Zhou did not establish a well-founded fear of future persecution.  *See id.* at 1022 (petitioner failed to present "compelling, objective evidence demonstrating a well-founded fear of persecution"); *Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution "too speculative").  Thus, Zhou's asylum claim fails.

In this case, because Zhou failed to establish eligibility for asylum, he failed to establish eligibility for withholding of removal.  *See Zehatye*, 453 F.3d at 1190.

Substantial evidence also supports the agency's denial of CAT relief because Zhou failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to China.  *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *see also Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009) (no likelihood of torture).

We do not address Zhou's contentions as to the IJ's adverse credibility determination because the BIA did not reach that issue.  *See Santiago-Rodriguez v.*

*Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)).

Finally, we do not consider the materials Zhou references in his opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc) (court's review is limited to the administrative record).

**PETITION FOR REVIEW DENIED.**